991 F.2d 791
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary HANGER, Defendant-Appellant.
 No. 91-6544.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 25, 1993
Decided: April 23, 1993
 
 Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Robert D. Potter, District Judge. (CR-88-10-ST-CR-P, CA-90-21-ST-C-P)
 Timothy A. Smith, Ohio, for Appellant.
 Thomas J. Ashcraft, United States Attorney, H. Thomas Church, Assistant United States Attorney, North Carolina, for Appellee.
 W.D.N.C.
 VACATED AND REMANDED IN PART AND AFFIRMED IN PART
 Before PHILLIPS and HAMILTON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Gary Hanger appeals from a district court order which adopted a magistrate judge's opinion and recommendation and dismissed his consolidated motions for findings of fact pursuant to Fed. R. Crim. P. 32 and to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. We affirm the court's dismissal of Hanger's claims under Fed. R. Crim. P. 32 on modified grounds as discussed in this opinion. We vacate and remand, however, the court's dismissal of one of Hanger's section 2255 claims that he was denied effective assistance of counsel at his sentencing hearing because he did not object to the quantity of drugs attributable to Hanger. We affirm the court's dismissal of Hanger's other ineffective assistance of counsel claims.
 
 
 2
 Hanger pleaded guilty to conspiracy to possess with intent to distribute cocaine and was sentenced to sixty months incarceration, a fine of $15,000, a $50 special assessment, and a three-year period of supervised release. Hanger filed a consolidated Motion for Findings of Fact under Rule 32 and for § 2255 relief over two years after his sentence was imposed. He alleged: (1) the district court did not comply with Fed. R. Crim. P. 32 because the court did not address him personally and inquire whether he had read the pre-sentence report; (2) the court did not make findings of fact concerning controverted matters or state that the court would not take the controverted matters into account; and (3) defense counsel was ineffective at sentencing because he did not fully inform him of the significance of the presentence report and because he did not correct allegedly erroneous information in the pre-sentence report.
 
 
 3
 Regarding Hanger's claim pursuant to Fed. R. Crim. P. 32(a)(1)(C), we find that the record sufficiently shows that the court made Hanger aware of his right to speak in mitigation. See United States v. Stuver, 845 F.2d 73 (4th Cir. 1988). Furthermore, we find, unlike the district court, that Hanger waived his right to raise his Fed. R. Crim. P. 32(c)(3)(D) claim by failing to file a direct appeal. See United States v. Emanuel, 869 F.2d 795, 796 (4th Cir. 1989); see also United States v. Gattas, 862 F.2d 1432, 1434 n.4 (10th Cir. 1988).
 
 
 4
 Hanger also claims that he received ineffective assistance of counsel because his attorney did not explain to him the importance of the presentence report, because he did not correct factual inaccuracies in the report prior to sentencing, and because he did not adequately present the disputes to the court at sentencing. In order to establish that he received ineffective assistance of counsel, Hanger must first show that his attorney's conduct fell below objective standards of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). Second, he must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.[1] A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Although Strickland did not decide whether the same ineffectiveness standard applied at trial was applicable in non-capital sentencing proceedings, sentencing is a critical stage at which the defendant is entitled to effective assistance, and a sentence imposed without such assistance must be vacated and reimposed to permit facts in mitigation to be fully and freely developed. United States v. Burkley, 511 F.2d 47, 51 (4th Cir. 1975).
 
 
 5
 Defense counsel's comments at sentencing and in his affidavit (submitted by the government) indicate that he and Hanger discussed the presentence report. Hanger's own pleadings disclose that he had discussed the report with his attorney. Since Hanger presented letters from family and friends to the sentencing court and expressed his remorse at his sentencing, he clearly was aware of the gravity of the sentencing proceedings.
 
 
 6
 Hanger also alleged that he pointed out to his attorney inaccuracies in his pre-sentence report and that his attorney assured him that the report would be corrected. Hanger alleged the following inaccuracies in the pre-sentence report: that he had not been involved in the transportation and sale of more than 30 kilograms of cocaine; that he had not transported cocaine from Florida to North Carolina on December 25, 1987; and that he had not transported cocaine seized on January 18, 1988. At sentencing, his attorney commented only that Hanger had not transported cocaine on December 25, 1987. In his affidavit, the attorney stated that he informed the probation officer of Hanger's objections to the report, but the officer responded that he was bound by the amounts contained in the investigating officer's report.
 
 
 7
 Hanger argues that since he was only involved in five months' activity of a conspiracy that lasted eighteen months, it was "physically impossible" for him to have been involved in transporting thirty kilograms of cocaine as the report alleged.
 
 
 8
 The government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. United States v. Goff, 907 F.2d 1441, 1444 (4th Cir. 1990). This Court has recently held that this burden may be met in several ways:
 
 
 9
 (1) By a defendant's acknowledgment during a Rule 11 colloquy or sentencing proceeding that the amount set forth in the indictment or alleged by the government is correct;
 
 
 10
 (2) By a guilty plea to an indictment that attributes a specific quantity of drugs to the defendant without the defendant reserving his right to challenge the amount for sentencing purposes;
 
 
 11
 (3) By a stipulation of the parties that the court determines to have a reasonable factual basis;
 
 
 12
 (4) By failure of the defendant to properly object to a recommended finding in a presentence report that the court determines to be reliable; or
 
 
 13
 (5) By government presentation of evidence that the court deems sufficient to establish the quantity of drugs attributable to the defendant.
 
 
 14
 United States v. Gilliam, F.2d, No. 90-5548, slip op. at 6-7 (4th Cir. Feb. 12, 1993).
 
 
 15
 Hanger pled guilty[2] to conspiracy to possess with the intent to distribute thirty kilograms of cocaine, but the specific amount attributable to Hanger was established only by the presentence report. Hanger alleges that he informed his attorney prior to sentencing that he objected to the report's attribution of thirty kilograms of cocaine to him. The addendum to the report notes Hanger's objection to the quantity, but Hanger's attorney did not raise the quantity issue at the sentencing hearing.
 
 
 16
 An ineffective assistance of counsel claim is a constitutional claim that is cognizable under § 2255. See Kaufman v. United States, 394 U.S. 217 (1969). If Hanger in fact requested that his attorney object to the thirty kilogram quantity of cocaine at the sentencing hearing, the attorney's failure to do so would fall below an objective standard of reasonableness. In addition, the attorney's failure to object arguably prejudiced Hanger because there is a reasonable probability that the outcome of his sentencing could have been different since his sentence hinged on the quantity of drugs with which he was involved.[3] We therefore vacate the district court's dismissal of this claim and remand for the court to ascertain whether Hanger requested that his attorney object to the thirty kilogram quantity at his sentencing hearing and if so, whether Hanger was prejudiced by this attorney's misconduct.
 
 
 17
 For the above reasons, we affirm the dismissal of Hanger's claims based on Fed. R. Crim. P. 32 on modified grounds that Hanger waived that claim by failing to appeal his sentence. We vacate the court's dismissal of Hanger's claim under 28 U.S.C.s 2255 that he received ineffective assistance of counsel at sentencing when defense counsel failed to object to the attribution of thirty kilograms of cocaine to him despite Hanger's request to do so, and remand that claim for a hearing consistent with this opinion. We affirm the court's dismissal of Hanger's other section 2255 claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 18
 VACATED AND REMANDED IN PART; AFFIRMED IN PART
 
 
 
 [1]
 Ineffective assistance claims in the guilty plea context are usually evaluated under standards announced in Hill v. Lockhart, 474 U.S. 52 (1984), but since Hanger does not challenge his counsel's actions in relation to the entry of his guilty plea, a Strickland analysis is appropriate
 
 
 [2]
 Hanger pled to an indictment that generally charged twelve people with conspiracy to possess and distribute cocaine. Under Gilliam this is insufficient to establish the specific amount attributable to Hanger. Slip op. at 6, n.3
 
 
 [3]
 On this record, it cannot be determined whether Hanger was prejudiced by this oversight because the court was never apprised that it had to make a finding of the specific amount of cocaine attributable to Hanger