United States Court of Appeals,

Fifth Circuit.

No. 92-2342

Summary Calendar.

Waymon SPRIGGS, Jr. Petitioner-Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent-Appellee.

June 14, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, DAVIS and WIENER, Circuit Judges.

PER CURIAM:

Waymon Spriggs, a state prisoner incarcerated in the Texas Department of Corrections, appeals from the district court's denial of the writ of habeas corpus. We affirm.

I.

Waymon Spriggs was indicted for the murder of Allan Ray Pickett. Houston Attorney James Randall Smith was appointed by the state trial court to represent Spriggs. Following consultation with Smith, Spriggs pleaded guilty to first-degree murder and was sentenced to a term of imprisonment of thirty-five years. On his out-of-time direct appeal[1] to the Fourteenth Court of Appeals of Texas, Spriggs' conviction and sentence were affirmed. Spriggs then filed a petition for state habeas corpus relief. Spriggs claimed that his trial counsel was constitutionally ineffective for various reasons. The state habeas trial court proposed to the Texas Court of Criminal Appeals that

---

[1]Following his conviction and sentencing in the state trial court, Spriggs did not file a direct appeal within the time period allowed by Texas law. Spriggs proceeded to file a petition for state habeas corpus relief, alleging that his trial counsel, James Randall Smith, simply failed to file an appeal as Spriggs had requested. Smith filed an affidavit in which he claimed that he had filed a notice of appeal, but the Texas Court of Criminal Appeals found that the records of the clerk of the court contained no evidence that a notice of appeal had ever been filed by Smith on behalf of Spriggs. Spriggs was accordingly granted an out-of-time direct appeal and appointed new counsel. *See Ex Parte Spriggs,* unpublished order [no docket number], dated April 14, 1987 (per curiam).

relief be denied. Although the Court of Criminal Appeals had the option of explicitly adopting the state trial court's findings, it elected not to do so and denied state habeas relief simply "without written order."[2]

Spriggs proceeded to file a petition in the district court for habeas corpus relief under 28 U.S.C. § 2254, in which he alleged the same multi-faceted Sixth Amendment ineffectiveness of counsel claim that he exhausted in state court. Spriggs' made three distinct allegations of ineffectiveness:

i) Spriggs alleged that Smith erroneously advised him to plead guilty to murder even though the facts of the case indicated that the offense was actually voluntary manslaughter;

ii) Spriggs alleged that Smith failed to object to erroneous information in Spriggs' pre-sentence investigation report used by the trial court during sentencing; and

iii) Spriggs alleged that Smith failed to inform Spriggs that the trial prosecutor had offered to ten-year plea bargain.

Without conducting an evidentiary hearing, the district court denied Spriggs' habeas corpus petition.

---

[2]Under Texas law, an application for post-conviction habeas corpus relief is filed *concurrently* in the trial court and Texas Court of Criminal Appeals. The trial court proposes findings of fact and conclusions of law, which the Texas Court of Criminal Appeals need not adopt. *See* TEX.CODE CRIM.PRO. art. 11.07; *see also Ex Parte Adams,* 541 S.W.2d 440 (Tex.Crim.App.1976).

Because the Texas Court of Criminal Appeals explicitly refused to exercise the option of adopting the state trial court's proposed findings and instead denied habeas relief "without written order," the state trial court's proposed findings of fact would not be accorded a presumption of correctness under 28 U.S.C. § 2254(d). We have previously held that § 2254(d) deference is inappropriate when there is no clear *written* reliable indicium of a state court's factual findings. *See Dispensa v. Lynaugh,* 847 F.2d 211, 218 (5th Cir.1988) (noting that § 2254(d) speaks of "written" findings); *Williams v. Maggio,* 730 F.2d 1048, 1049-50 (5th Cir.1984); *cf. King v. Ponte,* 717 F.2d 635, 638-39 (1st Cir.1983). Affording § 2254(d) deference to the state trial court would thus be inappropriate when the state's highest court, which issued a denial without a written order, did not adopt the factual findings of the lower court, even when both state courts rejected the petitioner's claims. In a case such as this, the state high court may have denied relief for any number of reasons, substantive or procedural, unrelated to the reasons given by the state trial court in denying relief in its proposed order. *See Neuschafer v. McKay,* 807 F.2d 839, 840-41 (9th Cir.1987); *see also Micheaux v. Collins,* 944 F.2d 231, 232 (5th Cir.1991) (en banc) (state trial court's proposed findings were not entitled to § 2254(d) deference because the "proposed findings did not survive scrutiny" by the state high court); *cf. Craker v. Procunier,* 756 F.2d 1212, 1213 (5th Cir.1985) (§ 2254(d) presumption of correctness afforded where state high court "did not reject the factual findings of the state trial court; it merely held that the facts as found did not entitle [petitioner] to relief").

The district court did, however, grant Spriggs' request for a certificate of probable cause to appeal.

## II.

On appeal, Spriggs raises only the second of the above three claims of ineffectiveness. Ineffective assistance of counsel claims are ordinarily judged under the two-pronged standard set forth by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong of this standard asks whether counsel's performance was "deficient" under an objective standard of reasonableness; the second prong asks whether any deficiencies "prejudiced" a defendant. Establishing "prejudice" under *Strickland* requires a showing that "there is a reasonable probability, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. To show deficient performance, Spriggs must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065. A court need not address both components of this inquiry if the defendant makes an insufficient showing on one. *Id.* at 697, 104 S.Ct. at 2069-2070.

Spriggs argues that his counsel was ineffective because he failed to object to allegedly inaccurate or otherwise impermissible statements in the presentence investigation report (PSI) regarding Spriggs' criminal history. Spriggs argues that he was prejudiced because the sentencing court may have imposed a lower sentence if defense counsel had advised the court that the information in the PSI concerning Spriggs' past violent behavior was incorrect.

Although the Supreme Court in *Strickland* expressly reserved the question of whether the two-pronged standard announced in that case applied to counsel's deficiencies during a non-capital sentencing phase,[3] this court has applied the *Strickland* standard in the non-capital sentencing context.

---

[3]*Strickland* was a capital case. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984) ("We need not consider the role of counsel in an ordinary [non-capital] sentencing, which may involve informal proceedings and standardless discretion in the sentencer, and hence may require a different approach to the definition of constitutionally effective assistance [than that standard applied in capital sentencing]."). The Supreme Court has long held that the Sixth Amendment's guarantee of effective assistance of counsel applies in the sentencing context, capital and non-capital. *See Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967) (non-capital case).

*See, e.g., United States v. Bartholomew,* 974 F.2d 39, 42 (5th Cir.1992) (simply assuming *Strickland* standard applies); *United States v. Rodriguez,* 897 F.2d 1324, 1328-29 (5th Cir.1990) (same).[4]

We observe that under a rigid application of *Strickland* 's test, the second prong—requiring a "reasonable probability" that "but for" counsel's error the result of the sentencing hearing would have been different—would appear to be more easily met in the non-capital sentencing context than in the capital sentencing context. This is because a non-capital sentencer does not simply have the choice of life or death. Rather, non-capital sentencing hearings, particularly in jurisdictions without sentencing guidelines, typically involve wide sentencing discretion. In the case of non-capital murder in Texas, such discretion is extensive. *See* TEX.PENAL CODE § 12.32 (sentencing range for first degree felony, including murder, is from five to 99 years, with option of $10,000 fine). Arguably, when the discretionary sentencing range is great, practically any error committed by counsel could have resulted in a harsher sentence, even if only by a year or two.

In order to avoid turning *Strickland* into an automatic rule of reversal in the non-capital sentencing context, we believe that in deciding such an ineffectiveness claim, a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been *significantly* less harsh.[5] In deciding whether such prejudice occurred, a

---

[4]We note that of the few other courts that have explicitly addressed the issue of *Strickland* 's applicability in the non-capital sentencing context, all but one have adopted *Strickland* 's two-pronged standard in that context. *See United States v. Hanger,* 1993 WL 128015 at *1, 1993 U.S.App. LEXIS 9520 at *3 (4th Cir. April 23, 1993); *United States v. Ray,* 828 F.2d 399, 421 & n. 25 (7th Cir.1987); *Goodrich v. Smith,* 643 F.Supp. 579, 582-83 (N.D.N.Y.1986) (*citing Janvier v. United States,* 793 F.2d 449, 456 (2d Cir.1986)); *State v. Davidson,* 77 N.C.App. 540, 335 S.E.2d 518 (1985). Interestingly, the one jurisdiction that has expressly refused to extend *Strickland* to the non-capital sentencing context is Texas. *See, e.g., Ex Parte Langley,* 833 S.W.2d 141, 143 (Tex.Crim.App.1992) (*citing Ex Parte Duffy,* 607 S.W.2d 507 (Tex.Crim.App.1980). The Texas courts merely require that a defendant show that counsel was deficient under an objective standard in order to make out a Sixth Amendment violation in the non-capital sentencing context. No showing of "actual prejudice" is required. *See Langley,* 833 S.W.2d at 143.

[5]"Significance" is a relative term here. Of course, it is arguable that *any* amount of liberty of which a person is unnecessarily deprived is "significant." However, our reading of the Supreme Court's capital ineffectiveness jurisprudence leads us to believe that "prejudice" must be rather appreciable before a new trial is warranted in view of counsel's error. *See, e.g., Lockhart v. Fretwell,* --- U.S. ----, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Burger v. Kemp,* 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987); *Strickland v. Washington, supra.* If this is true in the *capital* context, a requirement for a showing of significant prejudice applies *a fortiori* in the

court should consider a number of factors: the actual amount of the sentence imposed on the defendant by the sentencing judge or jury; the minimum and maximum sentences possible under the relevant statute or sentencing guidelines, and the relative placement of the sentence actually imposed within that range; and the various relevant mitigating and aggravating factors that were properly considered by the sentencer.

That said, we no w turn to Spriggs' claim that trial counsel was ineffective during the sentencing phase. Spriggs' claim is based on trial counsel's failure to object to allegedly inaccurate information in the PSI. The PSI noted that Spriggs' prior criminal record includes arrests for burglary and possession of controlled substances, one conviction for auto theft/burglary, and three misdemeanor convictions for possession of prohibited weapons. Finally, the PSI claimed that Spriggs had "*a long history of assaultive and aggressive behavior* " (emphasis added). The underscored sentence is at issue.

During the sentencing hearing, Spriggs' counsel argued that a lenient sentence would be appropriate because Spriggs' criminal history included only minor offenses—misdemeanor weapons possession convictions and one auto theft/burglary conviction. In response, the prosecutor asked the court to consider Spriggs' "propensity for violence, carrying weapons, and the actual, complete unrestrained violent attack" on the murder victim. Spriggs' trial counsel failed to object to the PSI's representations about Spriggs' criminal record. The sentencing court stated that, after considering the PSI and counsels' arguments, it was imposing a thirty-five year sentence.

Spriggs does not deny t hat he was convicted of the offenses listed in the PSI. Rather, he claims that the state trial court improperly considered—and, for purposes of his ineffectiveness claim, that Spriggs' trial counsel failed to object to—the PSI's claim that Spriggs had a "long history of assaultive and aggressive behavior." The federal district court rejected Spriggs' arguments, reasoning

---

non-capital context. *See Woodson v. North Carolina,* 428 U.S. 280, 305, 96 S.Ct. 2978, 2991, 49 L.Ed.2d 944 (1976) (joint opinion of Stewart, Powell & Stevens, JJ.) ("Death, in its finality, differs more from life imprisonment than a 100-year prison term differs from one of only a year or two."). We note that one foreseeable exception to this requirement would be when a deficiency by counsel resulted in a specific, demonstrable enhancement in sentencing—such as an automatic increase for a "career" offender or an enhancement for use of a handgun during a felony—which would have not occurred but for counsel's error.

that:

> Spriggs contends that the evaluation section of the report falsely states that he had "a long history of assaultive and aggressive behavior." Because Spriggs has offered no proof that this statement is false, other than his own self-serving claim, he has failed to demonstrate any deficiency on defense counsel's part. It is also noteworthy that after the report was admitted at Spriggs' punishment phase, Spriggs, at that juncture, had an opportunity to clarify it, but did not do so. His silence, therefore, suggests that the report was accurate. Defense counsel had no reason to object to the report and was not deficient for failing to do so.

We believe that the district court erred in rejecting Spriggs' claim that trial counsel was deficient for failing to object to the portion of the PSI at issue here. We first observe that the PSI's claim that Spriggs' criminal record included "a long history" of "assaultive ... behavior"[6] is simply not supported by Spriggs' prior convictions. Spriggs' prior convictions included only one felony conviction for auto theft/burglary and three misdemeanor convictions for handgun possession. None of these crimes is "assaultive." The PSI may thus be reasonably read as referring not to Spriggs' prior *convictions,* but instead to prior *unadjudicated* criminal conduct.[7] It is well-established that in non-capital cases in Texas, evidence of unadjudicated extraneous offenses is inadmissible during the punishment phase as a form of aggravating evidence. *See* TEX.CODE.CRIM.PRO. Art. 37.07, § 3(a).[8] Thus, Spriggs' trial counsel was clearly deficient for failing to object to the PSI's claim that Spriggs

---

[6]We believe that the PSI fairly characterized Spriggs' prior behavior as "aggressive."

[7]In summarizing Spriggs' criminal record, the PSI stated that "[Spriggs] prior criminal record includes a 1978 felony probation for Burglary which was subsequently revoked; he was committed to a 3 year term in the Texas Department of Corrections. He has three Weapons Possession Convictions which resulted in confinement in the Harris County jail *and* has exhibited a long history of assaultive and aggressive behavior" (emphasis added). Thus, the PSI appears to have been referring to *unadjudicated* "assaultive" behavior.

[8]That section, at the time of Spriggs' trial, provided:

> **Sec. 3 Evidence of prior criminal record in all criminal cases after a finding of guilty**
>
> (a) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant.... *The term prior criminal record means a final conviction in a court of record ...*" (emphasis added).

Although the plain language of Art. 37.07, § 3(a) applies to "all criminal cases," the Texas Court of Criminal Appeals has refused to apply it to capital cases. *See generally Grunsfeld v. State,* 843 S.W.2d 521 (Tex.Crim.App.1992).

had a "long history ... of assaultive conduct."[9]

As discussed, *supra,* a mere showing of deficient performance is not sufficient to warrant granting relief. Spriggs must also demonstrate that he was prejudiced by counsel's unprofessional conduct during the sentencing phase. In addressing the prejudice issue, we observe that the inaccurate portion of the PSI was relatively short and non-specific.[10] The trial court did properly consider Spriggs' three prior misdemeanor convictions of unlawful possession of firearms as well as a prior conviction for auto theft/burglary. The trial court also properly considered the senseless murder for which Spriggs had been convicted.[11] Under Texas law, the court could have sentenced Spriggs to a maximum of ninety-nine years and a minimum of five years. *See* TEX.PENAL CODE § 12.32. Spriggs received a thirty-five year sentence. We conclude that Spriggs has not made an adequate showing of such prejudice—that is, he has not shown that there is a reasonable probability that but for trial counsel's errors the prison sentence imposed by the trial court would have been significantly less.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[9]We reject the district court's reasoning that Spriggs' failure to object to the PSI somehow negates this particular claim. It is axiomatic in our system that when a criminal defendant is represented by counsel, the defendant is not expected to serve in the capacity of co-counsel.

[10]As noted, the PSI was inaccurate in its statement that Spriggs "exhibited a long history of ... assaultive conduct." We additionally note that the PSI also impermissibly made reference to three prior arrests of Spriggs that had not been further prosecuted. As such, those unadjudicated offenses were improperly made a part of the PSI under Article 37.07, § 3(a), and trial counsel was deficient for failing to object to the trial court's consideration of them.

[11]The PSI lists only one potentially mitigating factor: the fact that Spriggs was apparently intoxicated at the time of the offense. Although not a formal mitigating factor, it is also noteworthy that Spriggs pleaded guilty.