**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

**No. 98-21141**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**LUIS ENRIQUE SUAREZ,**

**Defendant-Appellant.**
_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(H-97-CR-50-1)**
_____

**October 26, 1999**

Before SMITH, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Luis Enrique Suarez contends that his 72-month sentence (increased on remand from 60 months) for possession of cocaine with intent to distribute is the product of judicial vindictiveness and based on attorney-client communications; that his counsel was ineffective by disclosing to the court that Suarez refused to identify his coconspirators for fear of retaliation; and that the

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government committed prosecutorial misconduct during his arraignment.

Because, at sentencing, Suarez did not object regarding judicial vindictiveness, our review is limited to plain error. *See* **United States v. Calverley**, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Although Suarez's sentence on remand was higher than his original sentence, thus raising a presumption of vindictiveness, "objective information in the record justif[ied] the increased sentence". **United States v. Campbell**, 106 F.3d 64, 67 (5th Cir. 1997) (quoting **Wasman v. United States**, 468 U.S. 559, 565 (1984)). Nor was Suarez's sentence based on counsel's disclosure of attorney-client communications. In sum, there was no plain error.

Generally, we decline, on direct appeal, to review ineffective assistance of counsel claims, *see,* **United States v. Gibson**, 55 F.3d 173, 179 (5th Cir. 1995); the exception is "in rare cases where the record allow[s]" a fair evaluation of the merits. **United States v. Higdon**, 832 F.2d 312, 314 (5th Cir. 1987). Here, no further facts need to be developed for the claim to be suitable for review. Because the district court did not arrive at the sentence by relying on counsel's disclosure of attorney-client communications, Suarez has failed to show that he was prejudiced by the disclosure. *See* **Spriggs v. Collins**, 993 F.2d 85, 88 (5th Cir. 1993).

Finally, Suarez's prosecutorial-misconduct claim, also reviewed for plain error because he did not make a contemporaneous

objection, *see* ***United States v. Binker***, 795 F.2d 1218, 1227 (5th Cir. 1986), fails because it is *not* supported by the record. *See* ***United States v. Rocha***, 916 F.2d 219, 234 (5th Cir. 1990).

*AFFIRMED*

- 3 -