# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 00-40114
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN PABLO ESQUIVEL,
also known as "Paulie",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-620-17

_____
September 21, 2000

Before POLITZ, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Pablo Esquivel was convicted by a jury of conspiracy to possess with intent to distribute both marihuana and cocaine. Esquivel asserts that there was insufficient evidence to support his conviction. In a drug-conspiracy prosecution under 21 U.S.C. § 846, the Government must prove beyond a reasonable doubt the existence of an

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

agreement between two or more persons to violate the narcotics laws, the defendant's knowledge of the agreement, and the defendant's voluntary participation in the agreement.[1] Esquivel acknowledges that the evidence is sufficient to prove the existence of a drug trafficking conspiracy, and his knowledge thereof, but he contends that the record contains no evidence that he participated in the conspiracy.

Francisco Molina testified that in April 1995 Esquivel directed the storage of an incoming load of 250 pounds of marihuana at his uncle's house in Dallas, Texas. Adrian Flores testified that Esquivel had participated in the negotiations for the sale of 300 pounds of marihuana and five kilograms of cocaine involved in a June 1995 transaction. The testimony of Molina and Flores is sufficient to support a jury finding that Esquivel participated in the conspiracy.[2]

Esquivel maintains that the district court erred in deeming the 250 pounds of marihuana from the April 1995 transaction and the 5 kilograms of cocaine from the June 1995 transaction as appropriate relevant conduct as respects the offense of conviction. We review the district court's factual findings on the quantity of drugs for sentencing purposes for clear error.[3] As noted above, the testimony of Molina and Flores support the finding that Esquivel was personally involved in the April 1995 transaction involving 250 pounds of marihuana, and in the June 1995 negotiations for the sale of 300 pounds of marihuana and five kilograms of cocaine. The district court

---

[1]United States v. Maltos, 985 F.2d 743 (5th Cir. 1992).

[2]United States v. Pineda-Ortuno, 952 F.2d 98 (5th Cir. 1992).

[3]United States v. Torres, 114 F.3d 520 (5th Cir. 1997).

did not err in considering these amounts of narcotics in its sentencing computation.

Esquivel asserts that his counsel was ineffective for failing to object to the portion of the presentence report (PSR) addressing his role in the offense. Generally we decline to review claims of ineffective assistance of counsel on direct appeal.[4] We will review the claim in this case because the record allows us "to evaluate fairly the merits of the claim."[5]

Esquivel claims that counsel should have urged a reduction in his offense level for his "minimal" role in the offense of conviction. A "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of a group."[6]

If Esquivel had been sentenced based on the entire conspiracy, his claim for minimal participant status would have some persuasive force. His base offense level, however, was not based on the entire conspiracy. Rather, his offense level was based solely on those portions of the conspiracy in which he actively participated. Seeking an offense level adjustment under these circumstances would have been futile. Counsel's performance, therefore, was not deficient, and Esquivel suffered no prejudice from counsel's actions or inactions.[7]

AFFIRMED.

---

[4]United States v. Gibson, 55 F.3d 173 (5th Cir. 1995); United States v. Bounds, 943 F.2d 541 (5th Cir. 1991).

[5]United States v. Higdon, 832 F.2d 312 (5th Cir. 1987).

[6]U.S.S.G. § 3B1.2, comment. (n.1); United States v. Tremelling, 43 F.3d 148, 153 (5th Cir. 1995).

[7]Strickland v. Washington, 466 U.S. 668 (1984); Spriggs v. Collins, 993 F.2d 85 (5th Cir. 1993).