IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40140
_____

JAMES DAVID TUTT,

                                        Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:98-CV-46
--------------------
September 17, 2001

Before HIGGINBOTHAM and BENAVIDES, Circuit Judges, and LITTLE[*],
District Judge.

PER CURIAM:[**]

    James David Tutt (Texas prisoner #656227) appeals the district

court's final judgment denying his 28 U.S.C. § 2254 petition, which

challenged his Texas conviction for felony driving while

_____

    [*]  Chief Judge F.A. Little, Jr. of the Western District of
Louisiana, sitting by designation.

    [**]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

intoxicated ("DWI").[1] Tutt was granted a certificate of appealability ("COA") on two issues: (1) whether trial counsel was constitutionally ineffective for failing to use an audiocassette recording of Tutt's parole-revocation hearing to impeach the trial testimony of his arresting officers; and (2) whether trial counsel was constitutionally ineffective for failing to object at sentencing to the state's introduction of three exhibits referencing several unadjudicated offenses.

FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 1993, Highway Patrolmen Teer and Hooper observed Tutt driving with only one headlight. They stopped him and, according to the officers' testimony at trial, observed that he was not steady on his feet, had to lean on the car for support, had a strong odor of alcohol about his person, and had glassy eyes. One of the officers performed a field sobriety test on Tutt, and he performed poorly. Tutt refused to take a breathalyzer test and the officers arrested him for DWI. Subsequently, a Texas jury convicted Tutt of the DWI. During the sentencing phase of the bifurcated trial, it was shown that Tutt had two prior felony convictions in Texas, and the jury assessed his sentence at thirty-five years' imprisonment.

---

[1]The felony offense of driving while intoxicated was defined at the time as the offense of driving while intoxicated, where it has been shown at trial "that the person has previously been convicted two or more times" of misdemeanor driving while intoxicated. Tex. Rev. Civ. St. Ann. art. 6701*l*-1(e)(Vernon 1993) (*repealed* 1995).

An intermediate appellate court affirmed Tutt's conviction and sentence on direct appeal. The Texas Court of Criminal Appeals refused a petition for discretionary review, and later denied a state habeas application filed by Tutt. Tutt then filed this 28 U.S.C. § 2254 petition, raising a number of issues, including but not limited to ineffective assistance of counsel. A magistrate judge issued a report recommending that Tutt's petition be denied on the merits and the district court adopted the magistrate judge's recommendation over Tutt's objections. Tutt filed a timely notice of appeal and requested a COA, which the district court denied. As previously stated, on appeal, this Court granted the COA with respect to his two ineffective assistance of counsel claims.

DISCUSSION

Tutt's claims are reviewed *de novo* because there has not been a clear adjudication on the merits in state court. *See* 28 U.S.C. § 2254(d); *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir. 1997). Although Tutt raised both of his claims on direct appeal, the state appellate court applied state law standards and did not adjudicate the claims as federal constitutional questions. Tutt also raised the claims in his state habeas application, but in the face of the state's assertion of procedural bar the Texas Court of Criminal Appeals denied the application without written order.

To establish ineffective assistance of counsel, Tutt must show: first, that his counsel's performance was deficient, and

3

second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). In determining whether counsel's performance was deficient, the relevant inquiry is whether counsel's assistance was reasonable considering all the circumstances. *Id.* at 688. Judicial scrutiny of counsel's performance is highly deferential: "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. Under the second, prejudice, prong of *Strickland*, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

I.  Failure to Play the Audiotape.

Tutt claims that counsel was ineffective because counsel failed to play an audiotape that could have been used to impeach the trial testimony of Officers Teer and Hooper. According to Tutt, at his parole revocation hearing, Officer Hooper testified that he administered the field sobriety test. But both officers testified at trial that Officer Teer administered the test. At trial, defense counsel offered the tape of the parole revocation hearing. The trial court ruled the tape was admissible for the limited purpose of impeaching Officer Teer's testimony and granted a recess for defense counsel to find the proper part of the tape. But after

4

the recess, defense counsel withdrew his request to play the tape without articulating a reason for doing so.

Tutt contends that the arresting officers' testimony, if impeached, would have been inadmissible under Texas Rule of Criminal Evidence 612. According to Tutt, Rule 612 provides that if it is proven that a witness has made a prior inconsistent statement, the entire testimony of the witness is inadmissible. But Tutt mischaracterizes Rule 612: that rule does not now, and did not at the time of Tutt's trial, state that a witness' trial testimony is inadmissible if it is shown that the witness made an inconsistent statement in the past. *See* Tex. R. Crim. Evid. 612 (*repealed* 1998).[2] The rule states merely that a witness must be informed about the circumstances surrounding a prior inconsistent statement and given an opportunity to explain or deny it before further cross-examination may take place. *Id.*

Nonetheless, if Tutt's allegations concerning the audiotape are accepted as true, and even were we to accept Tutt's claim that counsel was deficient, Tutt has not shown prejudice because the question of who performed the test was not a critical matter. As noted by the district court, "[i]f the jury concluded the officers were deliberately lying about who performed the test, it might have looked upon the remainder of the officers' testimony with greater

---

[2] The substance of Tex. R. Crim. Evid. 612 is now found at Tex. R. Evid. 613.

skepticism.  However, the jury could as easily [have] concluded that the officers simply failed to correctly remember who performed the test."  Also, there was other evidence at trial of Tutt's intoxication: a videotape of Tutt's condition approximately one hour after his arrest was admitted into evidence and played for the jury.  Thus, it cannot be said that there is a reasonable probability that, but for his counsel's failure to use the audiotape as impeachment evidence, the result of Tutt's trial would have been different.  Accordingly, the district court did not err in concluding that Tutt had not shown the requisite prejudice and we AFFIRM the holding of the district court with respect to the playing of the tape.

II.  <u>Failure to object to the introduction of evidence of unadjudicated arrests at Tutt's sentencing</u>

During the punishment phase of Tutt's trial, the prosecution introduced three exhibits that detailed Tutt's arrest record and criminal history.  One of the exhibits, an arrest record from the Nacogdoches Police Department, contained a large number of entries, listing various felonies and misdemeanors for which Tutt had been arrested.  Of those entries, seventeen referred to unadjudicated offenses, including a 1978 arrest for rape of a child, and several arrests for minor burglary, theft, assault, and alcohol and drug-related offenses.  Another exhibit referenced nine unadjudicated

6

offenses. Because he had at least two prior felony convictions,[3] Tutt's sentencing range under Texas law was from twenty-five to ninety-nine years' imprisonment. Tex. Pen. Code Ann. § 12.42(d)(Vernon 1994); *Rodriguez v. State*, 31 S.W. 3d 359, 362 (Tex. Ct. App. 2000). Tutt claims that the introduction of the unadjudicated offenses resulted in an increase in his sentence from the twenty-five year minimum to thirty-five years. Thus, he argues that his counsel's failure to object to the introduction of these offenses amounts to ineffective assistance of counsel.

At the time of Tutt's sentencing, Texas law provided that unadjudicated offenses were not admissible for sentencing purposes. *See Grunsfeld v. State*, 843 S.W.2d 521, 523-26 (Tex. Crim. App. 1992)(prohibiting the admission of evidence of unadjudicated extraneous offenses during the punishment phase of a noncapital trial.); Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon 1981).[4] And under Fifth Circuit precedent, failure to object to the admission of unadjudicated offenses constitutes a deficiency

---

[3] According to the state, Tutt had ten prior misdemeanor convictions and two felony convictions: one for delivery of a controlled substance, and one for burglary.

[4] On September 1, 1993, Article 37.07 was amended to allow the admission of such evidence during the punishment phase of a noncapital trial. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (Vernon Supp. 2001); *Brown v. State*, 6 S.W.3d 571, 583 (Tex. App. 1999). The amendment, however, applies only to offenses committed on or after September 1, 1993. *Brown*, 6 S.W.3d at 583. Because Tutt's DWI occurred on May 24, 1993, the amendment to Article 37.07 did not apply in his case.

for purposes of the first *Strickland* step. *See Spriggs v. Collins*, 993 F.2d 85, 89-90 (5th Cir. 1993).

Tutt has also shown prejudice, as required by *Strickland*. In *Glover v. United States*, 531 U.S. 198, 121 S.Ct. 198 (2001), the Supreme Court noted that "authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance." *Id.* at 203. Thus, the Court held that in a determinate sentencing system such as the U.S. Sentencing Guidelines even a minimal increase in a sentence could constitute prejudice. *Id.* at 204. The Court did not address the issue of whether its decision applied to discretionary sentencing schemes, signaling only the possibility of a distinction between discretionary and determinate sentencing systems for purposes of determining prejudice. *Id.*

Texas has a discretionary, not determinate, sentencing scheme, so it is not clear whether the rule in *Glover* applies to this case. Before the Court's decision in *Glover* the controlling decision regarding prejudice in Texas' sentencing scheme was *Spriggs v. Collins*, 993 F.2d 85 (5th Cir. 1993). In that case, this Court noted that "[a]rguably, when the discretionary sentencing range is great, practically any error committed by counsel could have resulted in a harsher sentence, even if only by a year or two." *Id.* at 88. Thus, we held that "[i]n order to avoid turning

*Strickland* into an automatic rule of reversal in the non-capital sentencing context, we believe that in deciding an ineffectiveness claim, a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would have been *significantly* less harsh." *Id.* In that case, defendant had pled guilty to first-degree murder. His sentencing range was five to ninety-nine years, and he was sentenced to thirty-five years' imprisonment. We found that the defendant had not made an adequate showing of prejudice, despite his attorney's failure to object to the introduction of unadjudicated extraneous offenses through the presentence investigation report (PSI), because the objectionable portion of the PSI was short, and because there were other aggravating factors, such as the senseless nature of defendant's crime, that properly influenced the court at sentencing.

It is not necessary to decide in this case whether the lower standard of *Glover* applies to a determination of prejudice in the Texas sentencing system because Tutt has satisfied the higher standard of *Spriggs*. Tutt's thirty-five year sentence is on the low end of his sentencing range, and his prior convictions may have been considered by the jury in determining his sentence. However, the large number of unadjudicated offenses that were introduced at Tutt's sentencing hearing, combined with the inflammatory nature of some of those offenses (such as rape of a minor child), are very

9

likely to have influenced the jury at sentencing for Tutt's offense at trial, driving while intoxicated.  Thus, there is a reasonable probability that but for trial counsel's errors Tutt's sentence would have been significantly less harsh.

Accordingly, while we agree with the district court's holding with regard to the question of counsel's decision not to play the tape of Tutt's probation revocation hearing, we REVERSE the district court's judgment with regard to the question of counsel's decision not to object to the unadjudicated offenses.  The case is REMANDED with instructions to issue the writ of habeas corpus unless, within a reasonable time to be designated by the district court, the state conducts a retrial of the sentencing stage of the proceedings against Tutt.  Tutt's motion to have this opinion published is DENIED.

The judgment of the District Court is REVERSED and the case is REMANDED with instructions.