# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20268

United States Court of Appeals
Fifth Circuit

**FILED**

July 3, 2019

Lyle W. Cayce
Clerk

KEITH CHESTER HILL,

> Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

> Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-818

ON PETITION FOR REHEARING

Before HIGGINBOTHAM, ELROD, and HO, Circuit Judges.

PER CURIAM:*

The petition for panel rehearing is denied. The opinion filed in this case, *Hill v. Davis*, __ F. App'x __, 2019 WL2494528 (5th Cir. June 14, 2019) (per curiam), is withdrawn, and the following opinion, which clarifies this court's alternative holding in Section II.B, is substituted.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20268

Keith Chester Hill was sentenced by a Texas jury to ninety-nine years for aggravated sexual assault. During the punishment phase, counsel failed to object to multiple pieces of evidence that connected Hill to four additional sexual assaults in the area. The state habeas court determined that while Hill's counsel performed deficiently in failing to object, the errors did not prejudice Hill with the jury.

Hill filed a 28 U.S.C. § 2254 habeas petition, arguing that the state habeas court acted contrary to "clearly established federal law" when it assessed the prejudicial impact of each error individually rather than cumulatively. The district court denied the petition. It concluded that the Supreme Court has never affirmatively adopted a cumulative error doctrine with respect to ineffective assistance of counsel claims. Hill therefore did not meet his burden under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

We agree. Under AEDPA, a federal court may not grant habeas relief unless the state court decision is "contrary to, or involved an unreasonable application of, clearly established federal law, *as determined by the Supreme Court*." 28 U.S.C. § 2254(d) (emphasis added). Hill does not point to any Supreme Court precedent that instructs lower courts to employ a cumulative prejudice analysis. Moreover, we conclude that, in any event, the alleged errors by counsel did not prejudice Hill, even if considered cumulatively.

I.

Keith Chester Hill was charged and convicted for aggravated sexual assault after forcing a nineteen-year-old man at gunpoint to perform oral sex. During the punishment phase, the government introduced evidence that connected him to four additional attacks in the area. The government used this evidence to argue for a life sentence, stressing that Hill was a calculated and predatory robber, abductor, and rapist, from whom society needed to be

2

protected.  The jury handed down a ninety-nine-year sentence, along with a $10,000 fine..

Hill does not contest his conviction.  But he has initiated a series of direct and post-conviction challenges to his sentence.

In his first challenge, Hill appealed the state trial court's decision to enter into evidence Hill's written confession wherein he admitted to committing the four extraneous offenses.  Hill contended that the confession was obtained in violation of his Fifth Amendment right to counsel and that the state trial court's error was grave enough to warrant a new trial regarding his sentence.  The state intermediate court agreed that Hill sufficiently articulated his desire for a lawyer, which investigators ignored when they reinitiated contact.  *Hill v. State*, 14-08-00062-CR, 2009 WL 2145833, at *5 (Tex. App.—Houston [14th Dist.] July 21, 2009, pet. ref'd).  The state trial court therefore erred when it permitted the government to read the redacted confession to the jury.  The state intermediate court, however, rejected Hill's argument that the confession had a negative impact on the jury verdict in light of other evidence presented at trial.  It determined that the confession "was largely cumulative and thus was relatively unimportant to the State's case."  *Id.* at *6.  The Texas Court of Criminal Appeals (TCCA) refused discretionary review.

Hill subsequently filed a state habeas corpus application, where he asserted once again that the erroneous admission of his confession denied him a fair trial at the punishment stage.  Although the thrust of his argument was the same as before, Hill raised several claims that were neither considered nor addressed by the state intermediate court.  In particular, Hill contended that his counsel should have objected to multiple pieces of evidence introduced during the punishment stage that linked him to the extraneous offenses, such as newspaper clippings reporting on the sexual assaults and a class ring from one of the victims found in Hill's home, the search history found on his

computer, and an out-of-court statement from one of the four victims, identifying Hill as his attacker.  Because his counsel failed to do so, Hill argued that the state intermediate court falsely believed that there was substantial other evidence connecting Hill to the other attacks where in fact the record was rather sparse.  According to Hill, this lapse established two separate grounds by which the state habeas court could provide relief.  First, the state habeas court could rule that the improper reading of the confession to the jury was indeed prejudicial since much of the evidence that the jury would have otherwise relied on was also inadmissible.  Second, it could find that Hill was denied effective assistance of counsel.

The state habeas court rejected both theories.  The court saw no reason to relitigate whether the admission of Hill's confession was a reversible error.  It adopted the conclusions of the state intermediate court and moved on without additional comment.  The state habeas court then determined that, while Hill's representation fell below an objective standard of reasonableness, the errors made by counsel did not meet the standard laid out in *Strickland v. Washington*, 466 U.S. 668 (1984).  Hill's counsel, it concluded, had no reason to contest the search of Hill's home.  And counsel's failure to challenge the evidence procured from Hill's computer as well as an out-of-court statement from one of the four victims, identifying Hill as his attacker, did not affect the jury's deliberations.

The state habeas court clarified in its additional written findings of fact and conclusions of law that even if counsel had performed adequately, the government still had compelling circumstantial evidence that Hill committed the four additional sexual assaults.  Each of the victims who testified, for example, gave a general description of their attacker.  One of the young men testified that while he was not "a hundred percent" certain that Hill was the individual who assaulted him, "if [he] had to say 'yes' or 'no,' [he]'d say 'yes.'"

A class ring taken from one of the victims during the attack was found in Hill's home, as were newspaper clippings describing the assaults. Police also testified that the four extraneous offenses shared the same unique modus operandi as the underlying crime for which Hill was convicted. Namely, each involved a young white male being abducted from or restrained in his home, at night, using zip ties, duct tape, and a gun, which culminated in a demand for oral sex. The record, in short, was substantial enough for the jury to have reasonably believed beyond a reasonable doubt that Hill was guilty of the extraneous offenses. Based on these findings, the TCCA denied Hill's habeas application without a written order or a hearing.

Hill then proceeded to file a habeas petition under 28 U.S.C. § 2254. There, Hill protested the state habeas court's refusal to reconsider the impact that the confession may have exerted on the jury. He also maintained that his right to a fair trial was compromised by his lack of competent counsel. The heart of his argument was that *Strickland* requires a cumulative prejudice analysis. Under that view, the state habeas court was obliged to consider the collective impact of the errors that occurred during the trial, rather than assess them individually. Under this approach, the blunders committed by Hill's counsel would be viewed in light of the state trial court's decision to have the jury hear Hill's confession as well as in light of one another. The combination, Hill argued, created a reasonable probability that but for his counsel's deficient performance, his sentence would have been significantly less harsh.

The district court granted summary judgment in favor of the government. It determined that the erroneous admission of Hill's confession "did not have a substantial effect or influence in determining the verdict at punishment." *Hill v. Stephens*, CV H-15-0818, 2016 WL 1312152, at *9 (S.D. Tex. Mar. 31, 2016), *supplemented sub nom. Hill v. Davis*, CV H-15-0818, 2017 WL 2819887 (S.D. Tex. June 28, 2017). Like the state courts, the district court

No. 16-20268

noted that the government had compiled a sizeable case against Hill even excluding the confession. Against this backdrop of evidence, it could not say that the state habeas court's determination of harmlessness was objectively unreasonable. *Id.* at *10. With respect to Hill's ineffective assistance of counsel claim, the district court rejected the assertion that federal law required a cumulative prejudice analysis. It noted that while this circuit has at times applied such an analysis in the past, the Supreme Court never explicitly adopted a cumulative error doctrine for ineffective assistance of counsel claims. *Id.* at *14. The district court acknowledged, however, that the question of actual prejudice was "a close and difficult one." *Id.* It granted a certificate of appealability (COA), which Hill now pursues.

## II.

Hill petitions this court for post-conviction relief based on the ineffective assistance of counsel he received during the punishment stage.[1] For that claim to succeed, he would need to show (1) that his counsel's performance "fell below an objective standard of reasonableness" and (2) that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688, 694. The state habeas court already held that Hill satisfied the first prong in *Strickland*. Neither party has objected to this finding, so our inquiry will focus on whether Hill was prejudiced by counsel's mistakes.

## A.

Because the state habeas court previously adjudicated this matter, our analysis is governed by AEDPA. Under AEDPA, federal courts must defer to

---

[1] The COA granted by the district court only pertained to Hill's claim regarding his counsel's deficient performance. It did not extend to any questions over the erroneous admission of Hill's confession; nor did Hill petition this court to certify the matter. The claim is therefore deemed abandoned.

the state court's decision regarding a habeas claim unless the "decision . . . was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d). The Court clarified in *Williams v. Taylor* that a decision is "contrary to" if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases." 529 U.S. 362, 405 (2000). A decision involves an "unreasonable application" if it "identifies the correct governing legal principle" but "unreasonably applies [it] to the facts of the prisoner's case." *Id.* at 407.

The state habeas court's determination of harmlessness in this case does not qualify for either AEDPA exception. The Supreme Court has never squarely held that the cumulative error doctrine governs ineffective assistance of counsel claims. The most that can be said is that several of our sister circuits have recognized, to varying degrees, that relief can be had if the collective harm from multiple errors adversely affected the verdict. *See, e.g., Goodman v. Bertrand*, 467 F.3d 1022, 1030 (7th Cir. 2006); *Stouffer v. Reynolds*, 168 F.3d 1155, 1163–64 (10th Cir. 1999); *Berryman v. Morton*, 100 F.3d 1089, 1101–02 (3d Cir. 1996); *Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991). Hill does not disagree—he cites no Supreme Court precedent which affirmatively instructs lower courts to calculate prejudice on a cumulative basis.[2]

---

[2] Hill cites this court's opinion in *White v. Thaler* that the state habeas court was required to apply a cumulative prejudice analysis. 610 F.3d 890, 906 (5th Cir. 2010). Although Hill is correct that we have employed a cumulative framework at times to assess ineffective assistance of counsel claims, there is no hard and fast rule governing its use, even as a matter of circuit precedent. On multiple occasions, this court has either declined to apply a cumulative prejudice analysis or questioned its relevance altogether. *See, e.g., Pondexter v. Quarterman*, 537 F.3d 511, 525 (5th Cir. 2008) (holding that "[m]eritless claims or claims that are not prejudicial cannot be cumulated, regardless of the total number raised") (alteration in original); *see also Allen v. Vannoy*, 659 F. App'x 792, 818 (5th Cir. 2016) (per curiam); *Zimmerman v. Cockrell*, 69 F. App'x 658, 2003 WL 21356018, at *12 (5th Cir. 2003) (per curiam).

No. 16-20268

B.

On rehearing, Hill argues that Strickland and other Supreme Court cases require a cumulative prejudice analysis. Even assuming *arguendo* that he is correct, counsel's errors, taken cumulatively, did not prejudice Hill to such a degree that he qualifies for relief. The circumstantial evidence brought to this case was considerable, as both the district court and state habeas court observed. It provided ample reason for the jury to conclude that Hill committed multiple sexual assaults and posed an ongoing threat to the community. The jury heard from multiple victims, each of whom offered a general description of their attacker, and one of whom tentatively identified Hill. The government introduced into evidence the class ring police found at Hill's house, which was taken from one of the young victims. The government also introduced the newspaper clippings that police obtained from Hill's home, which reported on the sexual assaults. The jury heard about the unique modus operandi that governed each extraneous offense and how it bore telling similarities to the underlying crime for which Hill was convicted. The jury also heard about the short timeframe in which the attacks occurred and how police were convinced all were committed by the same individual.

The relevant inquiry in an ineffective assistance of counsel claim is whether, absent counsel's errors, there is a reasonable probability that the defendant's sentence would have been "significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88–89 (5th Cir. 1993) (per curiam). Taking into account the evidence presented during the punishment stage, we find that the jury's verdict would have likely remained the same. The judgment is affirmed.