United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 15, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20251
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY LATROY SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-3715
USDC No. 4:01-CR-738-2
--------------------

Before HIGGINBOTHAM, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Larry Latroy Smith seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion challenging his convictions for conspiracy to commit bank fraud, bank fraud, money laundering, and possession of counterfeit checks. See 28 U.S.C. § 2253(c)(1). Smith has not shown that jurists of reason would debate the district court's denial of his claims that appellate counsel was ineffective (1) for not advising him to appeal the district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's assessment of a two-level increase pursuant to U.S.S.G. § 2S1.1(b)(2)(B) for direct money laundering and (2) for not advising him to appeal the district court's assessment of three levels pursuant to § 3B1.1 for his aggravating role (manager) in the offense. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Smith's motion for COA is DENIED as to these claims.

Because Smith raised for the first time in his COA motion his claim that his sentence is unconstitutional under Blakely v. Washington, 542 U.S. 296 (2004), this court need not consider it. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).

Smith has shown that jurists of reason would debate whether the district erred in denying his claim that appellate counsel was ineffective for advising him not to appeal the district court's denial of the third point for acceptance of responsibility under § 3E1.1(b). See Slack, 529 U.S. at 484. Smith's motion for COA is GRANTED with regard to this claim. However, Smith has not shown in either his COA motion or his appeal brief that counsel was ineffective. See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Reinhart, 357 F.3d 521, 525 (5th Cir. 2004). At sentencing, the district court overruled the Government's objection to its refusal to assess a two-level enhancement for obstruction of justice. There was support in the record for the Government's position, and the Government specifically reserved its right to appeal on this issue. Since an appeal by Smith on the § 3E1.1(b) claim might

have provoked a cross-appeal by the Government on the obstruction-of-justice issue, defense counsel's advice to Smith not to appeal the denial of the third point under § 3E1.1(b) was within the wide range of reasonable professional conduct.  See Strickland, 466 U.S. at 689.  Smith is not entitled to § 2255 relief on this claim.  See id.

COA DENIED IN PART; COA GRANTED IN PART; JUDGMENT AFFIRMED.