**Cruz Gerardo ORTIZ–GALINDO, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**Nos. EP–05–CV–379–PRM, EP–03–CR–1390–PRM.**

United States District Court, W.D. Texas, El Paso Division.

March 22, 2007.

Cruz Gerardo Ortiz–Galindo, Beaumont, TX, pro se.

### MEMORANDUM OPINION & ORDER

MARTINEZ, District Judge.

Before the Court is Petitioner Cruz Gerardo Ortiz–Galindo's *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Motion to Vacate"), filed on October 12, 2005, in the above-captioned cause. Respondent United States of America filed a "Response and Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence" ("Response") on January 19, 2006. Pursuant to an order issued February 1, 2007, Ortiz–Galindo filed a brief explaining his objections to his sentence ("Brief") on March 2, 2007. For the reasons discussed below, the Court concludes that Ortiz–Galindo has not shown that he is entitled to relief under the applicable legal standards. The Court will accordingly deny Ortiz–Galindo relief and dismiss his Motion to Vacate with prejudice. The Court will additionally deny Ortiz–Galindo a Certificate of Appealability.

## I. BACKGROUND & PROCEDURAL HISTORY

### A. Criminal Cause No. EP–03–CR–1390–PRM

On July 16, 2003, the Grand Jury sitting in El Paso, Texas, returned a one-count indictment against Ortiz–Galindo, charging him with illegal reentry in violation of 8 U.S.C. § 1326. With the indictment, the Government filed a notice signaling its intent to seek an enhanced punishment for Ortiz–Galindo pursuant to 8 U.S.C. § 1326(b)(1). In other words, if the Government proved at sentencing that prior to his removal, Ortiz–Galindo had been convicted of "three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (other than an aggravated felony)," he would be subject to a sentence of imprisonment of not more than ten years, rather than the statutory maximum of two years absent the enhancement.[1]

On September 2, 2003, Ortiz–Galindo pled guilty to the indictment, and on September 17, 2003, the Court accepted his guilty plea. The Court entered its final judgment on November 20, 2003, sentencing Ortiz–Galindo to a seventy-two-month term of imprisonment and a three-year

1. 8 U.S.C.A. § 1326(b)(1) (West 2003).

term of non-reporting supervised release. The Court additionally ordered Ortiz–Galindo to pay a $100.00 special assessment. Ortiz–Galindo filed a timely notice of appeal; the Fifth Circuit affirmed his conviction and sentence on April 21, 2004. The Supreme Court denied Ortiz–Galindo's petition for a writ of certiorari on October 4, 2004.

### B.  Ortiz–Galindo's Motion to Vacate Pursuant to 28 U.S.C. § 2255

The Court has read Ortiz–Galindo's Motion to Vacate liberally, pursuant to *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). After review, the Court understands Ortiz–Galindo to raise three related claims for relief. First, Ortiz–Galindo contends that his counsel rendered ineffective assistance at sentencing by failing to challenge the characterization of his prior offense as a "crime of violence" under § 2L1.2 of the Federal Sentencing Guidelines ("Ground One"). Second, Ortiz–Galindo argues that the Court violated his right to due process by erroneously finding that his prior conviction constituted a "crime of violence" and applying a sixteen-level enhancement pursuant to § 2L1.2(b)(1)(a) ("Ground Two"). Finally, Ortiz–Galindo argues that his appellate counsel rendered ineffective assistance by failing to argue that Ortiz–Galindo's prior conviction should not have been characterized as a "crime of violence" under § 2L1.2 ("Ground Three"). Before reaching the merits of Ortiz–Galindo's Motion to Vacate, the Court will first consider the scope and purpose of motions to vacate pursuant to 28 U.S.C. § 2255.

## II.  MOTIONS TO VACATE PURSUANT TO 28 U.S.C. § 2255

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that [he] stands fairly and finally convicted." [2] Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." [3] A criminal defendant seeking relief from his conviction or sentence in a motion to vacate pursuant to 28 U.S.C. § 2255 must therefore establish one of the following: (1) his sentence was imposed in violation of the Constitution or federal law; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. [4]

It is well settled that, absent countervailing equitable considerations, a district court will refuse to adjudicate claims that were previously raised and rejected on direct review. [5] It is similarly well settled that a collateral challenge may not take the place of a direct appeal. [6] If a petitioner challenging his conviction and sentence pursuant to 28 U.S.C. § 2255 could have raised his constitutional or jurisdictional issues on direct appeal, he may not raise them for the first time on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation proba-

---

**2.** *United States v. Willis*, 273 F.3d 592, 595 (5th Cir.2001).

**3.** *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir.1992).

**4.** *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir.1995).

**5.** *Moore v. United States*, 598 F.2d 439, 441 (5th Cir.1979).

**6.** *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982) ("[A] collateral challenge may not do service for an appeal").

bly resulted in the conviction of one who is actually innocent.[7]

To satisfy the "cause" standard, a petitioner must "show that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances."[8] The procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel.[9] To establish "actual innocence" sufficient to overcome the procedural bar to review of his claims, a petitioner must present new evidence which, when considered with all the evidence presented at trial, makes it more likely than not that no reasonable juror would have convicted the petitioner.[10]

## III. ORTIZ–GALINDO WAS NOT DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL

### A. Legal Standard

An ineffective assistance of counsel claim has two components.[11] First, the petitioner must show that counsel performed deficiently.[12] "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'"[13] The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead ha[s] emphasized that 'the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'"[14]

To establish that counsel's representation fell below an objective standard of reasonableness, a petitioner must overcome a strong presumption that his attorney's conduct fell within a wide range of reasonable professional assistance.[15] Reviewing courts are extremely deferential in scrutinizing counsel's performance, making every effort to eliminate the distorting effects of hindsight.[16] It is strongly presumed that counsel rendered adequate assistance and exercised reasonable pro-

7. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991).

8. *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir.1996) (internal quotation omitted).

9. *See United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.1992) (stating that the general rule in the Fifth Circuit is that, except in rare instances where the record on direct appeal is adequate to evaluate such a challenge, an ineffective assistance of counsel claim cannot be resolved on direct appeal because no opportunity existed for the parties to develop the record on the merits of the allegations).

10. *Schlup v. Delo*, 513 U.S. 298, 327–28, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

11. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

12. *Wiggins*, 539 U.S. at 521, 123 S.Ct. 2527.

13. *Id.* (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052).

14. *Id.* (quoting *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052).

15. *Strickland*, 466 U.S. at 687–91, 104 S.Ct. 2052.

16. *See, e.g., Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (explaining the compelling policy considerations behind *Strickland's* contemporary, rather than retrospective, assessment of counsel's conduct); *Burger v. Kemp*, 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987) (stating that a fair assessment of attorney performance requires the court to make every effort to eliminate the distorting effect of hindsight and to evaluate counsel's decisions based on the then-existing circumstances and counsel's perspective at the time); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir.1997) (stating that the court will not find inadequate representation merely because, with the bene-

fessional judgment in making all significant decisions.[17] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law, are virtually unchallengeable.[18] Counsel is not required to advance every non-frivolous argument, nor to investigate every conceivable matter, nor to assert patently frivolous arguments.[19] Defense counsel is similarly not required to exercise clairvoyance during the course of a criminal trial.[20]

Furthermore, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[21] Accordingly, "any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[22] To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[23]

Because a convicted defendant must satisfy both *Strickland* prongs, his failure to establish either deficient performance or prejudice makes it unnecessary for a court to examine whether the petitioner has satisfied the other prong.[24] Therefore, a convicted defendant's failure to establish that his counsel's performance fell below an objective standard of reasonableness makes it unnecessary consider the issue of prejudice.[25] Similarly, a court need not consider whether counsel's performance was deficient when there is an insufficient

fit of hindsight, it disagrees with counsel's strategic choices).

**17.** *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052; *Drew v. Collins*, 964 F.2d 411, 422 (5th Cir.1992); *Duff–Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir.1992).

**18.** *See Boyle v. Johnson*, 93 F.3d 180, 187–88 (5th Cir.1996) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel feared that the jury would not view such testimony as mitigating and that the prosecution might respond to the testimony by presenting its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406–09 (5th Cir.1996) (holding that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); *cf. Wiggins*, 539 U.S. at 524, 123 S.Ct. 2527 (holding that, in a capital case, counsel's decision not to expand its mitigation-defense investigation beyond reviewing a presentence investigation report and Department of Social Services records, despite suggestions that additional, significant mitigating evidence existed, was unreasonable and fell below professional standards).

**19.** *See Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir.1995) (stating that counsel cannot be held deficient for failing to press a frivolous point); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.1995) (explaining that the Sixth Amendment does not require counsel to file meritless motions); *Smith v. Collins*, 977 F.2d 951, 960 (5th Cir.1992) ("The defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources.").

**20.** *Sharp v. Johnson*, 107 F.3d 282, 290 n. 28 (5th Cir.1997).

**21.** *Strickland*, 466 U.S. at 691, 104 S.Ct. 2052.

**22.** *Id.* at 692, 104 S.Ct. 2052.

**23.** *Id.* at 694, 104 S.Ct. 2052.

**24.** *Id.* at 700, 104 S.Ct. 2052; *Green*, 116 F.3d at 1121; *see also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir.1993) (stating that the defendant bears the burden of proof on both prongs of the *Strickland* test).

**25.** *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir.1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229–30 (5th Cir.1987).

showing of prejudice.[26] Moreover, mere conclusory allegations in support of ineffective assistance claims are insufficient as a matter of law to raise a constitutional issue.[27]

When a petitioner raises a claim of ineffective assistance on appeal, a court applies the familiar framework of *Strickland,* requiring the petitioner to show constitutionally deficient performance and prejudice.[28] While a criminal defendant has a constitutional right to effective assistance on direct appeal,[29] it does not constitute deficient performance for counsel not to raise every non-frivolous issue on appeal.[30] "The decision to focus on the stronger arguments on appeal belongs to counsel, and reasonable professional judgments should not be second-guessed."[31] To satisfy the prejudice prong of *Strickland,* the petitioner must demonstrate that there is a reasonable probability that, but for the deficient performance of counsel, he would have prevailed on appeal.[32]

With the principles articulated above in mind, the Court now turns to the merits of Ortiz–Galindo's ineffective assistance claims.

## B. Discussion

### 1. Ground One

■ In Ground One of his Motion to Vacate, Ortiz–Galindo contends that his counsel rendered ineffective assistance at sentencing by failing to challenge the application of a sixteen-level enhancement pursuant to § 2L1.2(b)(1)(A) of the Federal Sentencing Guidelines. Under that provision, a court applies a sixteen-level enhancement when a defendant has previously been convicted of a felony that falls under that provision's definition of "crime of violence."[33] Ortiz–Galindo had previously been convicted of aggravated assault with a deadly weapon by the State of Texas; the Court found that his prior felony conviction constituted a "crime of violence" as defined in § 2L1.2(b)(1)(A) and applied a sixteen-level enhancement.

Ortiz–Galindo's sole argument in support of his ineffective assistance claim is

26. *See Strickland,* 466 U.S. at 697, 104 S.Ct. 2052 (explaining that it is not necessary for a court evaluating the merits of an ineffective assistance claim to analyze the components of the applicable test in any particular order or to evaluate both components if the petitioner fails to carry his burden as to one aspect of the test); *Black v. Collins,* 962 F.2d 394, 401 (5th Cir.1992) (stating that a court evaluating a claim of ineffective assistance need not address the components of the applicable test in order, and if a defendant fails to carry his burden as to one component of the test, the court need not address the other component); *Pierce,* 959 F.2d at 1302 (asserting that "[a]n insufficient showing of prejudice pretermits addressing the adequacy prong" of the *Strickland* test for ineffective assistance).

27. *See Kinnamon v. Scott,* 40 F.3d 731, 735 (5th Cir.1994) (per curiam) (holding that a petitioner's speculative complaints of ineffective assistance by appellate counsel did not warrant federal habeas relief).

28. *United States v. Reinhart,* 357 F.3d 521, 525 (5th Cir.2004).

29. *United States v. Phillips,* 210 F.3d 345, 348 (5th Cir.2000).

30. *Reinhart,* 357 F.3d at 525.

31. *United States v. O'Keefe,* 2005 WL 1578625, at * 13 (E.D.La. June 29, 2005). *See also Phillips,* 210 F.3d at 348 (5th Cir. 2000) (stating that appellate counsel's failure to raise an issue is deficient performance only when the failure "fall[s] below an objective standard of reasonableness").

32. *Id.See also United States v. Dovalina,* 262 F.3d 472, 474–75 (5th Cir.2001) (stating that prejudice requires petitioner to show "that the appeal would have had, with reasonable probability, a different outcome if the attorney adequately addressed the issue").

33. UNITED STATES SENTENCING GUIDELINES § 2L1.2(b)(1)(A) (2003).

that his counsel should have objected to the application of a sixteen-level enhancement on the grounds that his prior conviction was not an "aggravated felony," as he was sentenced to probation for the prior conviction.[34] However, § 2L1.2(b)(1)(A), the provision under which Ortiz–Galindo was sentenced, neither contains a minimum required term of imprisonment for the prior conviction nor uses the term "aggravated felony." [35] Rather, the Guidelines clearly state that a sixteen-level enhancement is appropriate under § 2L1.2(b)(1)(A) when a defendant has been previously convicted of an offense that both meets the definition of "crime of violence" provided in the commentary to the Guidelines and is *punishable* by a term of imprisonment of more than a year.[36] Therefore, Ortiz–Galindo's argument that a sixteen-level enhancement for a "crime of violence" requires a minimum prior term of imprisonment is unsupported by the plain language of the Guidelines.

Furthermore, the Fifth Circuit has confirmed that a sixteen-level enhancement is appropriate when a defendant has been convicted of an offense that both meets the definition of a "crime of violence" under § 2L1.2(b)(1)(A) and is punishable by a term of imprisonment of more than a year by the state of conviction, regardless of the actual sentence imposed.[37] That holding was binding upon the Court at the time it imposed Ortiz–Galindo's sentence. Therefore, the Guidelines and controlling precedent clearly establish that no minimum term of prior imprisonment is required in order for a prior conviction to be considered a "crime of violence" pursuant to § 2L1.2(b)(1)(A). Thus, the Court concludes that Ortiz–Galindo cannot demonstrate prejudice, as he has not shown a reasonable probability that he would have received a different sentence if his counsel had challenged the categorization of his prior offense on the grounds that he received only a term of probation. Accordingly, Ortiz–Galindo's counsel's failure to

**34.** Ortiz–Galindo does not dispute that his prior conviction for aggravated assault with a deadly weapon was a felony as defined by the Federal Sentencing Guidelines. *See* UNITED STATES SENTENCING GUIDELINES § 2L1.2 cmt. n. 2 (2003) (defining "felony" as "any federal, state, or local offense punishable by imprisonment for a term exceeding one year"); TEX. PEN.CODE ANN. § 22.02(b) (West 1999) (stating that an aggravated assault offense is "a felony of the second degree"); TEX. PEN.CODE ANN. § 12.33(b) (West 1999) (stating that a felony of the second degree is punishable by a term of imprisonment of "not more than 20 years or less than 2 years"). Furthermore, Ortiz–Galindo does not contest that aggravated assault with a deadly weapon under Texas law is one of the kinds of crimes that may be considered a crime of violence under § 2L1.2(b)(1)(A) of the Guidelines. *See* UNITED STATES SENTENCING GUIDELINES § 2L1.2 cmt. n. 1(B)(iii) (2003) (listing "aggravated assault" as one of the enumerated crimes included in the definition of "crime of violence").

**35.** *Id.* § 2L1.2(b)(1)(A). Ortiz–Galindo confuses § 2L1.2(b)(1)(A), the subsection under which he was sentenced, with § 2L1.2(b)(1)(C), which calls for an eight-level enhancement for a prior conviction of an "aggravated felony." *Id.* § 2L1.2(b)(1)(C). The relevant definition for "aggravated felony" states that the prior offense must fall under the definition of "crime of violence" as provided in 18 U.S.C. § 16 and a term of imprisonment of more than one year must have previously been *imposed. United States v. Diaz–Diaz,* 327 F.3d 410, 413 (5th Cir. 2003). Because Ortiz–Galindo was not sentenced pursuant to § 2L1.2(b)(1)(C), the requirements of that subsection are inapplicable.

**36.** *Id.* § 2L1.2(b)(1)(A), cmt. n. 2.

**37.** *United States v. Rivera–Perez,* 322 F.3d 350, 352 (5th Cir.2003) (per curiam). In that case, the defendant's prior conviction under Texas law had actually been punished as a misdemeanor pursuant to a plea agreement; the Fifth Circuit nevertheless affirmed the application of a sixteen-level enhancement. *Id.*

raise such a challenge does not constitute ineffective assistance of counsel, and Ortiz–Galindo cannot succeed on Ground One of his Motion to Vacate.[38]

### 2. Ground Three

■ In Ground Three of his Motion to Vacate, Ortiz–Galindo claims that his appellate counsel likewise rendered ineffective assistance by failing to challenge the categorization of his prior conviction as a "crime of violence" warranting a sixteen-level enhancement. However, the Fifth Circuit's decision in *Rivera–Perez* squarely addresses the challenge that Ortiz–Galindo claims his appellate counsel should have raised, resolves the proposed challenge against Ortiz–Galindo, and is still good law. Therefore, Ortiz–Galindo has not shown a reasonable probability that the result of his appeal would have been different if his counsel had argued that his prior offense should not have been categorized as a "crime of violence" because he was not sentenced to a term of imprisonment of more than one year. Because Ortiz–Galindo has failed to demonstrate any prejudice resulting from his appellate counsel's failure to challenge the Court's finding that his prior conviction constituted a "crime of violence," Ortiz–Galindo cannot succeed on Ground Three of his Motion to Vacate.

## IV. ORTIZ–GALINDO WAS NOT DENIED DUE PROCESS

In Ground Two of his Motion to Vacate, Ortiz–Galindo argues that the Court violat-

ed his right to due process by finding that his prior conviction constituted a "crime of violence" and applying a sixteen-level enhancement. However, as previously stated, the Court's finding that Ortiz–Galindo's prior conviction for aggravated assault with a deadly weapon was properly characterized as a "crime of violence" under § 2L1.2(b)(1)(A) is supported by a plain reading of the Federal Sentencing Guidelines and binding Fifth Circuit precedent. Even assuming that Ortiz–Galindo is not procedurally barred from bringing this claim, he cannot show that the alleged error resulted in a due process violation because he has not shown that the Court erred in the imposition of his sentence. Accordingly, Ortiz–Galindo cannot prevail on Ground Two of his Motion to Vacate.

## V. CERTIFICATE OF APPEALABILITY

■ The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") converted the "certificate of probable cause" ("CPC") required to appeal from the denial of a petition for federal habeas corpus relief, including the denial of § 2255 motions to vacate, into a Certificate of Appealability ("CoA").[39] To appeal the denial of a habeas corpus petition filed under 28 U.S.C. § 2255, the petitioner must obtain a CoA.[40] Appellate review of a habeas petition is moreover limited to the issues on which a CoA is granted.[41]

**38.** *See United States v. Cronic,* 466 U.S. 648, 656 n. 19, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) ("If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade.").

**39.** *See Hill v. Johnson,* 114 F.3d 78, 80 (5th Cir.1997) (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); *Muniz v. Johnson,*

114 F.3d 43, 45 (5th Cir.1997) ("The standard for obtaining a CoA is the same as for a CPC.").

**40.** 28 U.S.C.A. § 2253(c)(2) (West 2006); *Miller–El v. Cockrell,* 537 U.S. 322, 335–36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

**41.** *Lackey v. Johnson,* 116 F.3d 149, 151 (5th Cir.1997) ("CoAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone.").

■ A CoA to appeal the denial of a habeas corpus petition shall be issued only upon "a substantial showing of the denial of a constitutional right." [42] The showing necessary to obtain a CoA on a particular claim depends upon the manner in which the Court has disposed of a claim. If the Court rejects a prisoner's constitutional claim on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." [43] If the petitioner wishes to challenge the Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, he must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling.[44] The Court is authorized to address the propriety of granting a CoA *sua sponte.*[45]

■ After considering the entire record and the parties' pleadings, the Court concludes that jurists of reason would not debate whether Ortiz–Galindo has stated a valid claim for relief or whether a procedural ruling in this case is correct. Accordingly, the Court declines to issue a Certificate of Appealability regarding any of Ortiz–Galindo's three claims for relief.

## VI. CONCLUSION & ORDER

In sum, the Court concludes that Petitioner Cruz Gerardo Ortiz–Galindo's Motion to Vacate should be denied and this matter dismissed with prejudice. The Court further finds that Ortiz–Galindo is not entitled to a Certificate of Appealability. Accordingly,

1. Petitioner Cruz Gerardo Ortiz–Galindo's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Docket No. 30), filed on October 12, 2005, is **DENIED,** and this matter is **DISMISSED WITH PREJUDICE.**

2. Petitioner Cruz Gerardo Ortiz–Galindo is **DENIED** a Certificate of Appealability.

3. All pending motions in this cause, if any, are **DENIED AS MOOT.**

---

**42.** 28 U.S.C. § 2253(c)(2); *Miller–El,* 537 U.S. at 327, 123 S.Ct. 1029.

**43.** *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

**44.** *Id.*

**45.** *Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000) (per curiam).