United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10731
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CONSTANCE PARKER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-148-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Constance Parker appeals the sentence imposed following her guilty plea to bank larceny. She argues for the first time on appeal that her non-guidelines sentence is unreasonable because the district court impermissibly considered the facts that (1) she was due a 26-month sentencing credit and (2) her federal and Georgia sentences were required to run concurrently.

The record, however, does not support Parker's characterization of the district court's ruling and instead reveals that the district court imposed an upward departure

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 4A1.3(a)(4)(B), a guidelines sentence, based on a finding that Parker's criminal history score was under-represented.  See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).  Parker does not challenge the dispositive sentencing issue before us, i.e., whether the district court's upward departure was reasonable in light of her criminal history.  See United States v. Saldana, 427 F.3d 298, 308 (5th Cir.), cert. denied, 126 S. Ct. 810 (2005).  She has therefore waived its review.  See United States v. Green, 964 F.2d 365, 371 (5th Cir. 1992).  For the first time in her reply brief, Parker argues that even if the district court did impose an upward departure, the extent of that departure was both an abuse of discretion and unreasonable.  This argument is also waived, however, having not been raised by Parker in her initial brief.  See United States v. Reinhart, 357 F.3d 521, 524 n.4 (5th Cir. 2004).

AFFIRMED.