# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2025

Lyle W. Cayce
Clerk

No. 23-30751

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Glenn E. Diaz,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:21-CR-179-1

_____

Before Jones, Barksdale, and Ho, *Circuit Judges*.

Per Curiam:*

With his friends' help, Glenn Diaz obtained loans from now-defunct First NBC Bank ("FNBC") using fabricated documents and phony transactions. A jury convicted him of bank-fraud and money-laundering offenses. Diaz now raises evidentiary, sentencing, and restitution-based challenges on appeal. We see no error and thus affirm.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30751

Diaz challenges two of the district court's evidentiary rulings, claiming that they violated various constitutional rights. But the record cuts against him. The district court justifiably limited the extent to which he could cross-examine William Bennett. *See* Fed. R. Evid. 403. And the court followed applicable law in prohibiting evidence and argumentation about FNBC's negligence. *See United States v. Kreimer*, 609 F.2d 126, 132 (5th Cir. 1980). *See also Loughrin v. United States*, 573 U.S. 351, 362–63 (2014).

Diaz next challenges the length of his sentence. Yet the district court calculated his base offense level correctly.[1] The record reveals that Diaz was indifferent to loan repayment and that FNBC's ability to collect was speculative. So it was appropriate to use a non-zero intended-loss calculation without deducting collateral value. *See United States v. Goss*, 549 F.3d 1013, 1017–18 (5th Cir. 2008). *See also United States v. Henderson*, 19 F.3d 917, 928 (5th Cir. 1994). And we see no problem with basing that calculation on loss stemming from conspiracy-related conduct. *See United States v. Reinhart*, 357 F.3d 521, 526 (5th Cir. 2004). The court also did not commit clear error in applying the "sophisticated means" enhancement. *See United States v. Valdez*, 726 F.3d 684, 695 (5th Cir. 2013).

Lastly, Diaz challenges the amount he owes in restitution. But the district court read the Mandatory Victims Restitution Act correctly. *See* 18 U.S.C. § 3664(j)(1). Republic Credit One LP was thus entitled to restitution. And the court did not err in basing Diaz's total restitution amount on the conduct underlying his conspiracy conviction. *See United States v. Chaney*, 964 F.2d 437, 451–52 (5th Cir. 1992).

---

[1] Diaz waived one issue at oral argument—whether the district court was permitted to increase his offense level based on the amount of "loss" he "intended" to cause. *See* Oral Arg. 12:57–13:47. We thus refrain from addressing that issue here.

2

No. 23-30751

We affirm.